## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LEONARDO MONTOYA, ET AL.,

       Plaintiffs,

vs.                                                                                     CIV NO. 01-00173  MV/RLP

ALBUQUERQUE PUBLIC SCHOOLS, ET AL.,

       Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Plaintiff's Application for a Temporary Restraining Order and for a Preliminary Injunction, filed February 9, 2001 **[Doc. No. 1]**.  The Court, having reviewed the moving papers, finds that a hearing is not necessary on this matter. Further, having considered the requests, responses, relevant law, and being otherwise fully informed, the Court finds that the requests are not well-taken and will be **DENIED**, as explained below.

**<u>Background.</u>**  Plaintiff Leonardo Montoya attends Manzano High School, which is located within the Albuquerque School District.  Plaintiff Rose Montoya is Leonardo Montoya's mother.  It is undisputed that Leonardo Montoya has been diagnosed with "partial complex seizure disorder" and that Defendant Albuquerque Public Schools (APS) provided him with accomodation plans under Section 504 of the Rehabilitation Act for approximately four years. *See* Compl. ¶¶ 24, 42; Ans. ¶¶ 24, 42.

Plaintiffs allege that Defendants are now discriminating against Leonardo Montoya in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act by refusing to

continue to provide him with reasonable accomodations and by refusing to allow him to

participate on the school football team.  Plaintiffs allege further that Defendants are liable under

42 U.S.C. § 1983 because they have violated the ADA and the Rehabilitation Act while acting

"under color of state law."  Finally, Plaintiffs set forth state common law tort claims.

In their complaint, Plaintiffs seek a temporary restraining order and a preliminary

injunction, asking that the Court issue an injunction requiring Defendants "to provide Leonardo

Montoya with a 504 Accomodation Plain and prohibiting [them] from removing Leonardo

Montoya from the Manzano High School football team or refusing him participation in any school

sponsored activity."  Compl., 35.

**Standard.**  A district court may grant a temporary restraining order or a preliminary

injunction if the moving party shows:  "(1) a substantial likelihood of prevailing on the merits; (2)

irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs

any damage the injunction may cause to the party opposing it; and (4) that the injunction, if

issued, will not be adverse to the public interest." *Kansas Health Care Ass'n, Inc. v. Kansas*

*Dep't of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (*citing Autoskill*

*Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir. 1983)).

A Temporary Restraining Order ("TRO") may be granted without notice to the adverse

party only if (1) it clearly appears from the specific facts shown by affidavit or by the verified

complaint that immediate and irreparable injury, loss, or damage will result to the applicant before

the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's

attorney certifies to the court in writing the efforts, if any, which have been made to give the

notice and the reasons supporting the claim that notice should not be required.  Fed. R. Civ. P.

65(b).  "Because a [TRO or] preliminary injunction is an 'extraordinary remedy . . . the right to relief must be clear and unequivocal."  *Kansas Health Care*, 31 F.3d at 1543 (citing *SCFC ILC, Inc.v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

**Discussion.**  Plaintiffs have not filed a motion affirmatively requesting the relief they seek, nor have they advanced an argument as to how they believe they meet the standard required under Tenth Circuit caselaw and under Rule 65 of the Federal Rules of Civil Procedure.  Plaintiffs allege in their complaint that "[f]ailure to provide temporary and preliminary injunctive relief will result in irreparable harm to Plaintiff Leonardo Montoya," Compl., ¶ 245.  Absent a showing, however, that Plaintiffs are likely to succeed on the merits, that irreparable harm will occur in the absence of the injunction, that the threatened harm outweighs any damage the injunction may cause to the party opposing it, and that the injunction, if issued, will not be adverse to the public interest, Plaintiffs are not entitled to preliminary injunctive relief.  The Court finds that the documents filed thus far by Plaintiffs do not satisfy this standard.  Accordingly, their request will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's requests for a Temporary Restraining Order and Preliminary Injunction **[Doc. 1]** are hereby **DENIED**.

Dated this 26th day of April, 2001.

                                        _____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Plaintiff's Attorney
        Jay Goodman

Defendant's Attorney
        Michael L. Carrico