IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEONARDO MONTOYA, ET AL.,

        Plaintiffs,

vs.                                                                          CIV NO. 01-00173  MV/RLP

ALBUQUERQUE PUBLIC SCHOOLS, ET AL.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration, filed May 7, 2001 **[Doc. No. 12]**. The Court, having reviewed the motion, responses, reply, relevant law, and being otherwise fully advised, finds that the motion is well-taken and will be **GRANTED**, as explained below.

### BACKGROUND

On February 9, 2001, Plaintiffs filed a civil rights complaint, alleging that Defendants discriminated against Plaintiff Leonardo Montoya, a high school student who has been diagnosed with "partial complex seizure disorder," in violation of the Americans with Disabilities Act, the Rehabilitation Act, and 42 U.S.C. § 1983. Plaintiffs also set forth several state law tort claims. In Count XII of the complaint, Plaintiffs set forth a claim for a Temporary Restraining Order and Preliminary Injunctive Relief. Plaintiffs submitted no documentary evidence in support of their

claim that they were entitled to temporary or preliminary injunctive relief and advanced no argument as to why they are entitled to temporary or preliminary injunctive relief under *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (*citing Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir. 1983)).

On April 26, 2001, the Court entered an order denying Plaintiffs' request for temporary and preliminary injunctive relief, ruling that Plaintiffs had failed to advance an argument as to why they believed they were entitled to such relief under the relevant caselaw and the Federal Rules of Civil Procedure, and that the documents submitted by them at that juncture had not satisfied the applicable standard.  *See* Mem. Op. and Order (April 26, 2001) at 3.  The Memorandum Opinion did not specify whether it was entered with or without prejudice.

Plaintiffs next filed a Motion for Reconsideration, seeking relief from the April 26, 2001 Memorandum Opinion and Order under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.  Plaintiffs did not attach to that motion any documentary evidence in support of their claim that they are entitled to temporary and preliminary injunctive relief.  Defendants timely responded.  Plaintiffs then filed a timely reply, attaching several medical reports and letters from Mr. Montoya's physician regarding Mr. Montoya's medical condition.

### STANDARD

"A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence.'"  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d

1517, 1523 (10th Cir. 1992). Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider.'" *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

The Federal Rules of Civil Procedure also contemplate the granting of relief from a final judgment or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). District courts have "substantial discretion in connection with a Rule 60(b) motion." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

## ANALYSIS

Contrary to Plaintiffs' repeated assertions, the Court did not deny temporary and preliminary relief *sua sponte*.[1] Plaintiffs sought relief and the Court denied their request. In addition, the Court has not prevented Plaintiffs from coming forward with evidence in support of their claims.[2] The Court in no way prevented Plaintiffs from submitting evidence in support of their claims at the time the complaint was filed. The Court did not preclude Plaintiffs from seeking permission to file evidence in support of their claims at any time between February 9,

---

[1] The Court acts *sua sponte* when it does so of "its own will or motion; voluntarily; without prompting or suggestion." BLACK'S LAW DICTIONARY 1424 (6th ed. 1990).

[2] *See* Mot. for Recons. at 4 (Plaintiffs "have been given no opportunity to establish what they have alleged"), 5 ("The Court should have enabled the Plaintiffs to at least submit affidavits").

3

2001, when the complaint was filed, and April 26, 2001, when the Memorandum Opinion and Order was entered.  The Court also did not prevent Plaintiffs from filing any evidence in connection with their Motion for Reconsideration.  It is Plaintiffs' obligation to come forward with evidence to support their claims for relief.  The contention that the Court has somehow precluded Plaintiffs from submitting evidence in support of their claims misses the mark.

Plaintiffs assert that the entry of the April 26, 2001 Memorandum Opinion and Order has put them in a difficult position.  Their argument is, essentially, as follows.  Plaintiffs "need a preliminary injunction prior to August, 2001," before the new school year starts.  Mot. for Recons. at 2.  The Court's April 26, 2001 Order must be deemed to have been entered with prejudice under Fed. R. Civ. P . 41(b).  *See id.* at 2-3.  The denial, with prejudice, of a request for a preliminary injunction is a final, appealable order.  *See Hutchingon v. Pfeil*, 105 F.3d 566, 569 (10th Cir. 1997).  *See id.* at 3.  If they appeal the April 26, 2001 Order, the matter will be pending before the Tenth Circuit and they are unlikely to be granted preliminary relief prior to the start of the school year.  If they do not appeal, they are stuck with this Court's denial, with prejudice, of their request for preliminary relief.

Plaintiffs' argument is flawed in one respect.  Fed. R. Civ. P. 41(b) does not require that the Court's April 26, 2001 Order be construed as having been entered with prejudice.  It is true that the Order did not indicate whether it was being entered with or without prejudice.  Rule 41(b) provides, in its entirety, that

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for

4

> improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). It is apparent from the text of the rule that it applies to dismissals for failure to prosecute. Moreover, Rule 41 is entitled "Dismissal of Actions." The Court did not dismiss the action in its April 26, 2001 Order, and Plaintiffs point to no authority holding that Rule 41(b) applies to denials of preliminary injunctive relief.

However, the ambiguity in the Order as to whether it was entered with or without prejudice did make it unclear as to whether the appropriate course of action was for Plaintiffs to take an appeal or to file additional material with this Court. The Court's failure to indicate whether the Order was with or without prejudice should not preclude Mr. Montoya from obtaining relief, if he is entitled to it. Therefore, the Court finds that the ambiguity in the April 26, 2001 Order as to whether it was with or without prejudice was error warranting reconsideration.

As Plaintiffs note in their Motion for Reconsideration, Plaintiffs have alleged that irreparable harm will result from the denial of their request for preliminary injunctive relief. An allegation, however, is insufficient to demonstrate entitlement to the type of relief that Plaintiffs are requesting. It is not sufficient for Plaintiffs to simply make allegations or assert conclusions; they must, rather, identify the basis upon which they rely and present evidence to demonstrate that their conclusions are justified. *See SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2948, at 428-29 & nn. 19-21 (1973 & Supp. 1991) ("It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.")

Therefore, the Court may not grant Plaintiffs a preliminary injunction unless Plaintiffs come forward with evidence to demonstrate: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest." *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (*citing Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir. 1983)).

It is undisputed that Mr. Montoya suffers from a seizure disorder. The question now before the Court is whether this seizure disorder is interfering with Mr. Montoya's ability to perform well in school in the absence of a rehabilitation plan. Plaintiffs will have ten days from the date this order is entered to present their showing to the Court. The Court will then decide whether a hearing on the merits of Plaintiffs' request for a preliminary injunction is warranted. *See Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3rd Cir. 1990) (hearing on motion for preliminary injunction not necessary where moving party "is proceeding on a legal theory which cannot be sustained," where "the facts are undisputed and the relevant factual issues are resolved," or where moving party "has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm.")

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration **[Doc. No. 12]** is **GRANTED**. The April 26, 2001 Memorandum Opinion and Order is hereby **AMENDED**, as follows: Plaintiffs' request for a preliminary injunction **[Doc. No. 1]** is hereby **DENIED**

**without prejudice** to Plaintiffs' filing, *within ten days of the date this Order is entered*, a thorough explanation as to why Plaintiffs believe that they are entitled to preliminary injunctive relief under *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (*citing Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir. 1983)).

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Plaintiff's Attorney
    Jay Goodman

Defendant's Attorney
    Michael L. Carrico