## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

03 JAN -9 PM 1: 49

**LEONARDO MONTOYA, by and through his next friend and mother, Rose Montoya, ROSE MONTOYA,**

Plaintiffs,

v.

CIVIL NO. 01-173 WJ/DJS

**ALBUQUERQUE PUBLIC SCHOOLS, *et al.*,**

Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. **THIS MATTER** comes before the Court upon Plaintiffs' Motion to Enforce Settlement Agreement filed November 7, 2002 (Docket No. 80). The motion seeks to enforce Plaintiffs' understanding of a settlement agreement between them and the Albuquerque Public Schools Defendants reached before the undersigned at a mandatory settlement conference held on July 30, 2002. Plaintiffs contend that the APS Defendants have failed to meet certain conditions of the settlement and have added other conditions to their own benefit. The terms of the settlement and this proposed finding do not affect the Defendant City of Albuquerque, Defendant Gene Halliburton, or Defendant Fred Houser, who did not participate in the conference.

2. This case is a suit pursuant to the Americans with Disabilities Act, the Rehabilitation Act,

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to Fed.R.Civ.P. 72(b), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.



the Family Educational and Privacy Act, 42 U.S.C. §1983 and the New Mexico Tort Claims Act. Plaintiff contends that her son, Leonardo Montoya's, rights were violated by Albuquerque Public Schools, various administrators with the schools, and the Albuquerque Police Department. Plaintiff states that her son has a seizure disorder and is thereby disabled. She asserts that APS created a hostile environment for her son in retaliation for her demands for accommodation for that disability and refused to accommodate her son.

3. A trial court has the authority to "enforce a settlement agreement entered into by the litigants while the litigation is pending before it." United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir.1993). New Mexico law favors the settlement of disputed claims. See Gonzales v. Atnip, 692 P.2d 1343, 1344 (N.M.Ct.App.1984).[2] Absent proof of a violation of the statute of frauds or other valid defense, an oral settlement is as enforceable as a written one. See Rojo v. Loeper Landscaping, Inc., 759 P.2d 194, 196 (N.M.1988). Enforcement of a settlement agreement turns on basic contract principles. See Western Commerce Bank v. Gillespie, 775 P.2d 737, 739 (N.M. 1989).

4. The terms of the settlement reached by the parties were as follows: the payment of $6,000.00 by Defendants to Plaintiffs and their then attorney; an informal agreement regarding accommodations for Leonardo Montoya while attending class at Albuquerque Public Schools, including permission to bring drinking water into class, snacks between classes, bathroom breaks at need; and, lastly, incorporation of Leonardo Montoya's current health plan into the settlement

---

[2]Plaintiff does not argue whether state or federal law governs the enforcement of settlement agreements, which is an undecided question in this Circuit. Heuser v. Kephart, 215 F.3d 1186, 1190-91 (10th Cir. 2000). Defendants argue the matter in terms of state law and this Court will analyze the question of whether a settlement contract was formed under New Mexico law.

agreement. During the course of negotiations, the parties were clear that Defendants did not stipulate that Leonardo Montoya qualifies as a person with a disability and that they did not agree to a formal accommodation plan under the statutory claims asserted by Plaintiffs. The terms of the settlement were reviewed with all of the parties and their counsel present and all agreed that the dispute between Plaintiffs and the Albuquerque Public Schools Defendants would be resolved on that basis.

5. In the motion to enforce the settlement agreement, Plaintiffs argue that Defendants improperly added conditions to the form of release provided them which were not included in the settlement. Specifically, Plaintiffs contend that they did not agree to the provision in the form of the release that "Assistant Principal Therese Carroll will advise Leonardo Montoya's teachers of [the] accommodations" and assert that it is "discriminatory and controlling" because other students are not required to report their special needs or accommodations to school administrators. Further, Plaintiffs contend that the statement in the form of the release that Leonardo Montoya be *allowed* to bring drinking water to class, have access to snacks between classes, and use the restroom as needed is inaccurate, incomplete, and discrimination because all students are permitted these accommodations, with the exception of the bathroom breaks. In addition, Plaintiffs assert that Leonardo Montoya's needs with regard to his safety and health issues are part of his school health plan, written with the recommendations of his primary physician and that Defendants have improperly interfered with the formulation of that plan. Plaintiffs assert that under Federal law Defendants cannot deny him access to having a seizure alert dog in school and that the company of such a dog has been incorporated into his health plan.

6. With regard to these contentions, the Court notes that the provision regarding Assistant Principal Therese Carroll advising Leonardo Montoya's teachers of his accommodations was

discussed during the settlement conference, but was not made an explicit term of the final agreement between the parties. Accordingly, given Plaintiffs' objection it should not be included in the release or the dismissal papers. Plaintiffs other objections to the release and terms of the settlement as set forth by the Albuquerque Public Schools Defendants appear to pre-suppose that they have met their burden of proving that Leonardo Montoya is a qualified person with a disability and is entitled to the various protections of the law claimed in their complaint. Plaintiff Rose Montoya's oral argument regarding her motion to enforce the settlement agreement at the hearing held on this matter on January 3, 2003, reflected the same misapprehension. However, the settlement to which Plaintiffs agreed clearly and explicitly did not include any such finding. Further, Plaintiffs were informed during the settlement conference that Defendants would not agree to Leonardo Montoya bringing a seizure alert dog into class under any settlement terms. Further, the settlement contemplated incorporation of the terms of Leonardo Montoya's then-current health plan, rather than a revision or further plan detailing accommodations which were not bargained for at the conference.

7. There is no question that the parties reached a meeting of the minds at the settlement conference, given the explanation of the terms of the settlement to each side and the recitation of the terms with all parties present. Each party stands to benefit by the bargain. Accordingly, the settlement should be enforced.

8. As noted, Plaintiffs' Motion to Enforce Settlement was filed by them *pro se*. At the time the motion was filed, Plaintiffs were represented by counsel. Because of that fact, the motion could be denied or stricken because it violates the requirement of Fed.R.Civ.P. 11 that "Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."

Also, the motion does not comply with D.N.M.LR-Civ. 7.4 which requires that a movant must request the concurrence of each party to a motion three days prior to filing the motion and certify in the motion that such a request was made. That local rule provides that motions omitting recitation of such a request may be summarily denied. Despite those deficiencies, this Court recommends that the merits of the motion be addressed in order to effect an expeditious resolution of this lawsuit and in the interest of enforcing settlements reached before it.

9. Lastly, on October 17, 2002, a Joint Motion to Dismiss (Docket No. 78) was filed in the mistaken belief that closing documents had been executed which would result in the terms of the settlement being carried out. That motion ought to be denied as moot.

## RECOMMENDED DISPOSITION

That Plaintiffs' Motion to Enforce Settlement Agreement (Docket No. 80) be granted to the extent that the Court ratify a settlement of the litigation between Plaintiffs and the APS Defendants on the following terms: the payment of $6,000.00 by the Albuquerque Public Schools Defendants to Plaintiffs and Jay Goodman, Esq.; an informal agreement between the parties be made regarding accommodations for Leonardo Montoya while attending class at Albuquerque Public Schools, including permission to bring drinking water into class, snacks between classes, bathroom breaks at need; and incorporation of Leonardo Montoya's health plan as of July 30, 2002, into the settlement agreement. Further, that the Joint Motion to Dismiss filed October 17, 2002 be denied as moot.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE