**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————

LEONARDO MONTOYA, et al.,

       Plaintiffs,

v.                                       Civil No. 01-173 WJ/DJS

ALBUQUERQUE PUBLIC SCHOOLS, et al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon the City Defendants' (City of Albuquerque, Gene Halliburton and Fred Houser) Motion for Summary Judgment, filed August 12, 2002 (**Doc. 69**).  Plaintiff is a student attending Albuquerque Public Schools ("APS") who alleges a variety of state and federal claims against School District and city Defendants.  The present motion concerns only the claims asserted against the City Defendants, based on 42 U.S.C. § 1983 and state law claims.  Plaintiff has also asserted § 1983 claims against the school district Defendants, and alleges discrimination on the basis of disability (epilepsy) under other federal statutes which are not asserted against the City Defendants. Plaintiff has not filed a response to the City Defendants' motion for summary judgment.[1]  Having considered the parties' briefs and the applicable law, I find that the City Defendants' motion is well-taken and will be granted.

**Background**

Under Defendant's version of the facts which is based on Plaintiff's statements at his

———————————

[1] Plaintiff was granted an extension in which to file a response until January 20, 2003.  At this time, the response is ten days overdue the extension date. (Docs. 104, 106).

deposition (attached as Ex. B), Plaintiff's claims against City Defendants arise from an incident
that occurred on or about March 2, 1999.  Plaintiff recalled that his teacher, Ms. Strosneider, had
become frustrated with him for some reason and left the classroom.  She returned with three other
adults, one of whom was Police Officer Fred Houser, a Defendant in this case.  Plaintiff claims
that the four adults walked toward him, that Officer Houser unsnapped the strap of his service
weapon,  and that Officer Houser kept his hand on his service weapon. Officer Houser did not say
anything to Plaintiff.  Plaintiff did not recall the officer ever pulling out his gun, but stated that he
had a "really serious look on his face," and like the other adults in the room, were about three feet
away from him. The Principal then came in and told Plaintiff to come with him.  Plaintiff collected
his things from the classroom and went with the Principal.  Plaintiff had no prior incidents with
Officer Houser.   Plaintiff's claims against the City Defendants are based on violations of the
Fourth Amendment and Fourteenth Amendment Due Process and state law claims of assault,
battery and intentional infliction of emotional distress. Plaintiff's claims against the City of
Albuquerque are for failing "to disarm Officer Houser, provide additional training to him or have
him replaced with a less aggressive officer . . . ."  Complaint, ¶ 67.

*Legal Standard*

Defendants have asserted a qualified immunity defense, which is a recognized legal
doctrine that protects government officers from having to defend themselves from baseless
lawsuits.  Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 645 (10th Cir.
1988).  After a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff,
who must meet a two-part test before the defendant will bear the traditional burden of movant for
summary judgment under Fed.R.Civ.P. 56(c).  Nelson v. McMullen, 207 F.3d 1202, 1205-06

(10th Cir.2000).  This two part test asks first, whether the plaintiff has asserted the violation of a constitutional right at all, and then assesses whether that right was clearly established at the time of a defendant's actions.  Clanton v. Cooper, 129 F.3d 1147 (10th Cir.1997) (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).

Once the plaintiff makes this required showing, the burden shifts to the public official to show that there is no genuine dispute as to any material fact which would defeat his or her claim of qualified immunity.  Hinton v. City of Elwood, 997 F.2d 774, 779 (1992).  Specifically, the public official must show that no material issues of fact remain as to whether his or her actions were "objectively reasonable" in light of the law and the information he or she possessed at the time.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

### Discussion

The allegations in the complaint relating the incident track the statement of facts set out by the City Defendants, which still leaves the question of whether Defendants are entitled to summary judgment as a matter of law. Rummel v. Lexington Ins. Co., 123 N.M. 752, 758 (1997) (summary judgment is appropriate where no facts are in dispute, but only the legal significance of the facts).  The Court agrees with Defendants' position that Plaintiff has not set forth facts supporting a violation of a constitutional claim.  Baker v. McCollan, 443 U.S. 137, 140 (1979); Taylor v. Nichols, 409 F.Supp. 927, 932 (D.Kan. 1976), aff'd, 558 F.2d 561 (10th Cir. 1977) (to be sufficient, a complaint must set forth facts reflecting a specific violation of a particular constitutional limitation or requirement).  By failing to respond to the summary judgment motion, Plaintiff failed to raise a material issue of fact.  Further, the meager facts presented by Plaintiff in the complaint simply do not outline the contours of a federal constitutional claim.  Murray v. City

of Tahlequah, Okla, et al., 312 F.3d 1196 (10th Cir. 2002) (where plaintiff fails to file timely response to summary judgment motion, defendant is entitled to summary judgment after satisfying the initial burden of showing this there are no material issues of fact under Fed.R.Civ.P.56).

***Fourth Amendment***

The Fourth Amendment protects individuals from "unreasonable searches and seizures." U.S. Const. amend. IV. The touchstone of an analysis under the Fourth Amendment is always the reasonableness in all the circumstances of the particular invasion of a citizen's personal security. <u>U.S. v. Holt</u>, 264 F.3d 1215, 1219 (10th Cir. 2001). A seizure does not occur simply because a police officer approaches an individual, asks questions, or requests identification; for purposes of the Fourth Amendment, a seizure occurs only if, in view of all the circumstances, a reasonable person would have believed that he was not free to leave. Ultimately, a seizure requires "either the use of physical force by the police officer or submission by the individual to the police officer's assertion of authority." <u>California v. Hodari D</u>, 499 U.S. 621, 626 (1991). A police officer's assertion of authority without submission by the individual does not constitute a seizure. <u>Id</u>., (citing <u>Bella v. Chamberlain</u>, 24 F.3d 1251, 1255 (10th Cir.1994)).

Plaintiff contends his Fourth Amendment rights were violated by Officer Houser's unreasonable search and seizure. There are no facts in this case that support this contention. Allegations that Officer Houser placed his hand on his gun and stared hard at Plaintiff are not sufficient to constitute a seizure. It is undisputed that the police officer did not say anything to Plaintiff during the incident, and that Officer Houser never took his gun out of his holster. The officer's posture and his "serious look" would not suggest to a reasonable person in Plaintiff's situation that he was not free to leave. <u>Brower v. County of Inyo</u>, 489 U.S. 593, 596

4

(1989)("Violation of the Fourth Amendment requires an intentional acquisition of physical control). There are absolutely no facts that would infer that a search had occurred.  Officer Houser never touched Plaintiff,[2] and the Principal asked Plaintiff to come with him before the adults who were in the room (including Officer Houser) could move closer than three feet away or before they could say anything.

Plaintiff has not alleged a constitutional claim, and therefore does not meet his burden for the first prong of the qualified immunity analysis. Siegert v. Gilley, 500 U.S. 226, 232 (1991) (first step in qualified immunity analysis is to determine whether the plaintiff has alleged a violation of a constitutional right at all).  Plaintiff's Fourth Amendment claims against the City Defendants will be dismissed with prejudice.

Dismissal of underlying Fourth Amendment claims against the individual City Defendants warrants dismissal with prejudice of Fourth Amendment claims against the City of Albuquerque. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)); Hinton v. City of Elwood, Kan., 997 F.2d 774, 782 (10th Cir. 1993)(A municipality may not be held liable where there is no underlying constitutional violation by any of its officers).[3] Similarly, Plaintiff's Fourth Amendment claims

---

[2]  This is presented as one of the City Defendants' statements of facts, based on Plaintiff's testimony at his deposition.  I also note that the complaint is consistent with Defendants' statement of facts. Complaint, ¶¶59-62.

[3]  Plaintiff presents no other theory on which to build a claim against the City itself, since he must show that the City of Albuquerque was responsible for the violation of a constitutional right, even if he has already shown that the alleged harm was caused by a constitutional violation (which he has not done here).  Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992), cited in Williams v. City of Denver et al, 99 F.3d 1009 (10th Cir. Colo. 1996); City of Okla. City v. Tuttle, 471 U..S. 808, 823 (1985) (requirement of an "affirmative link" between the policy and a particular constitutional violation alleged for § 1983 action).

against Defendant Halliburton, supervisor with the City of Albuquerque Police Department, are also dismissed with prejudice.  Apodaca v. Rio Arriba County Sheriff's Dept., 905F.2d 1445, 1447 (10th Cir. 1990)(a supervisory officer may not be liable for failure to train or supervise unless there has been an underlying constitutional violation).

***Fourteenth Amendment (Due Process)***

Plaintiff's sole reference to a due process claim is a conclusory statement in paragraph 178 of the complaint. Plaintiff alleges that City Defendants deprived Plaintiff of his "federal constitutional rights to be free from unreasonable searches and seizures of his person under the Fourth Amendment and procedural and substantive due process rights under the U.S. Constitution."

This statement is factually insufficient to identify the violation of a constitutional right under the Fourteenth Amendment, either for procedural or substantive due process deprivations. Plaintiff does not identify what property right affords him any procedural due process.  Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972) (a plaintiff must allege a deprivation of a sufficient property or liberty interest in order to invoke the protection of the Due Process Clause of the Fifth Amendment).  Nor does he identify what process was denied. Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (some kind of hearing is required at some time before a person is finally deprived of his property); Seamons et al v. Snow, 84 F.3d  1226, 1234-35 (10th Cir. 1996).

The substantive component of the Due Process Clause protects students against abusive governmental power as exercised by a school.  Howard v. Grinage, 82 F.3d 1343, 1349 (6th Cir.1996); Doe v. Claiborne Cty, Tennessee, 103 F.3d 495, 500 (6th Cir. 1996).  However, liability is premised on a finding of a brutal or inhumane use of official power that is literally

"shocking to the conscience." Garcia v. Miera, 817 F.2d 650, 655 (10th Cir.1987); Collins v. City of Harker Heights, Tex., 503 U.S. 115, 126 (1992).

The only allegations of fact which tie the City Defendants to a potential substantive due process claim are those related to Officer Houser's actions on or about March 2,1999.  These facts do not describe conduct that "shocks the conscience." I find that the City Defendants have satisfactorily demonstrated the lack of material issues of fact regarding whether Officer Houser's actions rose to the level of a substantive due process violation.  Thus, Plaintiff's Fourteenth Amendment claims against all the City Defendants are dismissed with prejudice.

### Assault, Battery and Intentional Infliction of Emotional Distress

A governmental entity is not liable for the wrongful acts of its officials, except incertain instances. N.M.S.A. § 41-4-4(A) (2000 Cum. Supp.). The New Mexico Tort Claims Act ("Tort Claims Act") makes government "responsible for the torts of its employees. . .  under the doctrine of respondeat superior. . . ." Medina v. Fuller, 126 N.M. 460, 463 (Ct.App. 1998); N.M.S.A. 1978, § 41-4-4(E).  One of these is when law enforcement officers acting within the scope of their duties commit any of a number of specified torts: "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights" secured by the constitution. N.M.S.A. § 41-4-12 (1996 Repl. Pamp.).

### Assault and Battery

In this case, there was no battery because Officer Houser never touched Plaintiff. Baca v. Velez,114 N.M. 13, 15 (N.M.Ct.App. 1992) (defining battery as the unwanted touching or physical contact with another person).  For there to be an assault, there must have been an "act,

threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery." §NMSA 1978, 30-3-1(B) (Repl.Pamp.1984).

The complaint alleges that Officer Houser "assaulted Plaintiff with a gun" and that he "intentionally used harmful, threatening, menacing and offending conduct" against Plaintiff which in this case is factually limited to the officer unfastening his gun holster and placing his hand upon his gun while staring at Plaintiff. It is undisputed that Officer Houser never took his gun out, and never said anything to Plaintiff. The question is whether, based on the facts presented as undisputed by Defendant (and to which Plaintiff offers no response), Officer Houser's conduct could be viewed as threatening or menacing conduct which would lead a person to reasonably believe that he is in danger of receiving an immediate battery. I find that it is not. Cmp., Baca v. Velez, 114 N.M. 13, 15 (N.M.Ct.App. 1992)(affirming grant of partial of summary judgment where there was no evidence, and no genuine issue of material fact that plaintiff felt scared before the touching took place). Further, having been called into the situation by Plaintiff's teacher, Officer Houser's actions were taken in good faith and City Defendants would be entitled to qualified immunity.[4]

*Intentional Infliction of Emotional Distress*

Immunity has not been waived for Plaintiff's claim of intentional infliction of emotional distress, since it is not one of the enumerated acts under § 41-4-12, and therefore fails to state a claim. Although the Tort Claims Act does not waive the immunity of law enforcement officers

---

[4] Here, again, Plaintiff's claims against the City itself would fail because there is no showing that Plaintiff's alleged injuries resulted from a policy or custom of the City. In order to prevail on a claim of municipal liability, a plaintiff must also (in addition to a constitutional violation) prove his or her constitutional injury was "inflicted pursuant to government policy or custom." Monell v. New York Dep't of Soc. Serv., 436 U.S. 658, 690 (1978).

for this cause of action standing alone as a common law tort, damages for emotional distress may be recoverable as damages for "personal injury" resulting from one of the enumerated torts, such as battery and assault.  Romero v. Otero et al., 678 F.Supp. 1535, 1540 (D.N.M. 1987). However, since I have found that Plaintiff fails to state a claim on any of the enumerated acts for which immunity has been waived, Plaintiff may not recover any damages under the theory of intentional infliction of emotional distress.  Therefore, Plaintiff's state tort law claims asserted against the City Defendants (including Defendant Halliburton) and the City of Albuquerque, will be dismissed with prejudice.

**THEREFORE**,

**IT IS ORDERED** that the City Defendants' Motion for Summary Judgment (**Doc. 69**) is hereby GRANTED in that the Plaintiff's claims under the Fourth Amendment and Fourteenth Amendment (procedural and substantive due process) are hereby DISMISSED WITH PREJUDICE; Plaintiff's state law claims of assault and battery, and intentional infliction of emotional distress are also hereby DISMISSED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that the findings herein dispose of Plaintiff's claims against the City Defendants (City of Albuquerque, Gene Halliburton and Fred Houser) in their entirety.

A Judgment in accordance with this Memorandum Opinion and Order (addressing Plaintiff's claims against the City Defendants only) will issue.

_____
UNITED STATES DISTRICT JUDGE