IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEONARDO MONTOYA, by and through his
next friend and mother, Rose Montoya, ROSE
MONTOYA,

        Plaintiffs,

v.                                              Civil No. 01-173 WJ/DJS

ALBUQUERQUE PUBLIC SCHOOLS, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiffs' Motions for Sanctions Against Albuquerque Public Schools ("APS") for Continued Retaliation and Harassment, filed February 5, 2003 **(Doc. 112)**, and on Plaintiffs' Motion for Reconsideration of Order Denying Preliminary Injunction, filed May 7, 2001 **(Doc. 12)**. Plaintiff Leonardo is an APS student who, through his next friend and mother, alleged claims against Defendants brought under the Americans with Disabilities Act, the Rehabilitation Act, the Family Educational and Privacy Act, 42 U.S.C. §1983 and the New Mexico Tort Claims Act.

On March 4, 2003, this Court entered an Order (Doc. 114) adopting the proposed findings and recommended disposition of Magistrate Judge Svet (Doc. 100), which were entered following a hearing on a motion to enforce a settlement agreement between Plaintiffs and the APS Defendants. The magistrate judge found that the parties had reached a meeting of the minds at the settlement conference which was held on July 30, 2002, and that each party stood to benefit by the bargain, thereby concluding that the settlement should be enforced.

As the proposed findings indicate, although Plaintiffs filed the motion, they were under certain misapprehensions regarding terms of the parties' agreement.[1] The magistrate judge noted, for example, that the terms of the settlement incorporated Leonardo Montoya's health plan as of July 30, 2002 instead of a "revision or further plan detailing accommodations which were not bargained for at the conference." Proposed Findings, ¶ 6.

The instant motion is summarily denied. It appears that Plaintiffs, in the guise of a motion for sanctions, are either taking another stab at revising the settlement agreement (e.g., alleging Defendants' "[r]efusal to evaluate for special needs requests"; [r]efusal to transition Leonardo Montoya's 'in place' 504 Accommodation ADA Plan") or making claims which purport to allege that Defendants did not act in good faith in resolving the case.

In this motion, Plaintiffs claim that Defendants "denied communication, refused mediation, delayed resolution, created a hostile environment, used intimidation and harassment, and continue to use this kind of punishment (power and control) to instill fear." The vast majority of the allegations listed in the present motion have no relevance as new claims because they have now been subsumed and satisfied by the Court's approval of the settlement agreement, the terms to which Judge Svet referes in his recommended disposition. Certain listed allegations are frivolous, e.g., accusing Defendants of "[u]sing tax-payers funds to delay this case for almost four years," and "punishing" Plaintiff with missed time from work or school to resolve the case. None of Plaintiffs' statements describing Defendants' alleged behavior offer a basis for sanctions, and the only misuse of tax-payer funds I can ascertain is the tax-payer funds Defendants are expending

---

[1] Plaintiffs' counsel was allowed to withdraw around the time a disagreement arose concerning the terms of the settlement. Doc. 98. Plaintiffs filed the instant motion *pro se*.

2

in having to defend frivolous motions such as the instant motion filed by Plaintiffs.

Several of Plaintiffs' allegations mention Suzanne Parker, a school district representative. Plaintiffs characterize her presence at the settlement conference as an invasion of privacy and a form of retaliation that was intended to intimidate them.  However, I find nothing improper about a school district having its representative participate in legal conferences and meetings.  As to "intimidations and threats" made by Parker to Plaintiffs' "advocate at the Independent Living Resource Center," these allegations are non-specific and are thus insufficient to support a new claim at a point in litigation when all issues have been resolved through settlement. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir.1984) (conclusory allegations need not be taken as true); Riddle v. Mondragon, 83 F.3d 1197, 1110 (10th Cir. 1996) (conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based).

Plaintiffs also view inquiries into the amount of time spent at court hearings related to the case (Rose Montoya herself employed by APS) as an invasion of her privacy.  However, Defendant correctly points out that the APS was within its rights pursuant to the APS Teacher Collective Bargaining Agreement to ascertain whether Rose Montoya was taking time off from her school duties to attend court proceedings without taking personal leave days.

In sum, Plaintiffs have not presented any legal or factual basis for the imposition of sanctions against Defendants.  The settlement of claims against the APS Defendants renders as moot Plaintiffs' Motion for Reconsideration of Order Denying Preliminary Injunction.  That motion is therefore denied on that basis.

**THEREFORE**, Plaintiffs' Motions for Sanctions Against Albuquerque Public Schools ("APS") for Continued Retaliation and Harassment (**Doc. 112**) is hereby DENIED;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Reconsideration of Order Denying Preliminary Injunction **(Doc. 12)** is hereby DENIED AS MOOT.

This Memorandum Opinion and Order disposes of all claims and motions in this case in its entirety. A Judgment in accordance with this Memorandum Opinion and Order shall issue. Finally, Plaintiffs are hereby put on notice that this case is over, the parties having entered into a binding settlement agreement resolving all claims and issues between the parties.

_____
UNITED STATES DISTRICT JUDGE